UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

    v.

KASHIF DUKES

No. 19 CR 48

Judge John Z. Lee

**GOVERNMENT'S UNOPPOSED MOTIONS *IN LIMINE***

The United States of America, by its attorney, JOHN R. LAUSCH, JR., the United States Attorney for the Northern District of Illinois, respectfully moves *in limine* as described below.[1] The government has conferred with the defendant regarding these motions. The defense does not object to these motions.

### I. Motion to Preclude Evidence or Argument Relating to an Alibi

Under the Federal Rules of Criminal Procedure, upon request by the government, a defendant is required to provide the government with notice of any alibi defense the defendant intends to raise, including any defense asserting the defendant's unavailability on or near the dates named in the indictment. Fed. R. Crim. Pro. 12.1. In correspondence on March 4, 2019 and October 28, 2021, the government requested notice of an alibi defense. Because Dukes has not notified the government of an intent to raise an alibi defense, the government requests that he be prohibited from introducing evidence or argument of such a defense at trial.

---

[1] For purposes of efficiency and ease of reference, the government has filed its shorter motions *in limine,* to which Dukes agrees, in a single document.

### II. Motion to Preclude Argument or Evidence Designed to Elicit Jury Nullification

The government moves this Court to preclude Dukes from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification. It is well settled that it is improper for a defendant to suggest in any way that the jury should acquit defendant even if it finds that the government has met its burden of proof. *See United States v. Laguna,* 693 F.3d 727, 730 (7th Cir. 2012) (court held that district court properly found that evidence offered by the defendant was irrelevant and served to only confuse the jury or invite the jury to acquit even if the government satisfied each element of the offense); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."). The government moves to exclude the following specific examples of jury nullification, among others.

### 1. Motion to Preclude Argument or Evidence Concerning Potential Penalties Faced by Defendant if He is Convicted

If convicted in this case, Dukes faces a significant mandatory minimum period of incarceration. The government moves the Court to preclude Dukes from introducing evidence, making argument, or otherwise mentioning the potential penalties faced if convicted. For one, the Seventh Circuit's Pattern Criminal Jury Instructions include an instruction specifying, "In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will

be my job to decide on the appropriate punishment." Pattern Crim. Jury Instructions 4.08 (2020 ed.).

Additionally, the Seventh Circuit has stated that "arguing punishment to a jury is taboo." *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *vacated on other grounds*, 526 U.S. 813 (1999); *see also United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) ("[T]he practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored."); *United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) (holding that while "the sixth amendment requires that a jury determine questions of guilt or innocence . . . punishment is the province of the Court").

Argument and evidence concerning punishment are improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g.*, *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed.") (quotation omitted); *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000) (same). Mention of the potential penalties faced by defendants only would serve the improper purpose of jury nullification. *See, e.g.*, *United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.") (quotation omitted).

Accordingly, Dukes should be precluded from mentioning or introducing evidence about any of the range of penalties faced if convicted.

### 2. Motion to Preclude Allegations of Outrageous Government Conduct

The government moves to exclude evidence or argument by counsel of "outrageous government conduct." The Seventh Circuit repeatedly has held that the "[o]utrageous government conduct is not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011) (citation omitted); *see also United States v. Sherman,* 268 F.3d 539, 549-550 (7th Cir. 2001); *United States v. Boyd,* 55 F. 3d 239, 241-42 (7th Cir. 1995) ("[O]utrageous governmental misconduct" is no defense to a criminal charge, and the jury thus should not be exposed to irrelevant allegations of this sort."). Furthermore, this Circuit held that the issue of government misconduct was a matter of law for determination by the court: "the issue of government misconduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question) (citations omitted).

Yet, there is a "tendency in criminal cases to try some person other than the defendant and some issue other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id.* In the face of this tendency to interject themes of "government misconduct" into a defense strategy, courts routinely have granted motions *in limine* "to bar

4

defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 1991 WL 236492, at *3 (N.D. Ill. 1991). *See also United States v. Finley*, 708 F. Supp. 906, 913 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation").

Accordingly, the government moves to bar Dukes from introducing evidence or argument of outrageous government conduct.

> **3.      Motion to Preclude Argument and Evidence Regarding the Government's Motivation in Investigating and Prosecuting the Case**

The government moves to preclude evidence or argument by defense counsel regarding the government's and the officers' and agents' motivations for investigating or prosecuting this case. Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus, excluded from trial. *See United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v. Clay*, 618 F.3d 946, 956 (8th Cir. 2010) ("[S]elective prosecution of a criminal defendant is not an issue for the jury to decide.").

Further, the government moves to preclude the defense from arguing or eliciting evidence regarding the mental states, subjective intentions, or motivations, of the investigating officers and agents. It is well settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to

determining the factual guilt or innocence of a defendant. *See United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such evidence was irrelevant").

Accordingly, the government moves to preclude evidence or argument by the defense regarding the government's and the officers' and agents' motivations for investigating or prosecuting the case.

### 4.     Motion to Preclude Argument and Evidence of Selective Prosecution Theory

Similarly, Dukes should be precluded from introducing evidence or argument seeking to present a theory of selective prosecution before the jury. During the trial, the jury will hear evidence that other individuals were also involved in the carjacking on July 21, 2018. The government anticipates that Dukes may argue that these individuals have not been charged with any criminal offenses. Pursuant to Federal Rules of Evidence 401 and 403, such information is irrelevant and unfairly prejudicial.

Indeed, in *United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994), the court granted, on relevancy grounds, the government's motion to preclude the defendant from introducing evidence that another individual who had been arrested with him was not charged. In so ruling, the *Young* court noted that "the primary issue for the jury was whether the government met its burden of proof as to [the defendant]'s knowledge," and "[w]hether or not [another individual] was criminally charged [did]

6

not make the facts related to [the defendant's] knowledge and participation in [the alleged crime] more or less probable." *Id.* at 765; *see also United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) (observing that "the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury").

Therefore, the government moves to preclude evidence or argument by Dukes regarding any theory of selective prosecution.

**III.    Motion to Preclude Discovery Requests or Commentary Regarding Discovery in the Presence of the Jury**

The government moves this Court to preclude the parties from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests in front of the jury may distract the jury or create the impression that one side has suppressed information as a means of seeking an unfair advantage. *See, e.g.*, *United States v. Gray*, 2010 WL 1258169, *3 (N.D. Ind. Mar. 26, 2010) (granting government's motion to preclude the defense from requesting or commenting on discovery in the presence of the jury); *see also Thompson v. Glenmede Trust Co.*, 1996 WL 529693, at *2 (E.D. Pa. Sept. 17, 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial.").

As such, the government asks this Court to prohibit either party from raising discovery issues in the presence of the jury. The appropriate time to raise such issues would be at a sidebar or while the jury is not in the courtroom.

## IV.     Motion to Preclude Argument Defining Reasonable Doubt

The government moves to preclude counsel from attempting to define reasonable doubt during any argument presented to the jury. The Seventh Circuit has clearly and consistently held that "reasonable doubt" is a term that should not be defined by the trial court or counsel. Indeed, as noted in the 2020 pattern jury instructions for the Seventh Circuit, "[t]he Seventh Circuit has repeatedly held that it is inappropriate for the trial judge to attempt to define 'reasonable doubt' for the jury." Committee Comment to 2020 Seventh Circuit Pattern Jury Instruction 1.04 (internal citations omitted).

## V.     Motion to Bring Firearms to Court As Evidence At Trial

In the course of presenting its evidence, the government intends to introduce into evidence a firearm related to the offenses charged in the superseding indictment. The government understands that, in recent cases, the United States Marshals Service has requested that the trial court issue an order permitting that the firearms be brought into the Dirksen Federal Building, and that the court's order include language stating that "The firearms shall be rendered safe, inoperable, and unable to discharge. The United States Marshals Service may impose any restriction to ensure that the firearms are rendered safe." If this motion is granted, the government will prepare a draft order that can be presented to the United States Marshals Service so that the firearm can be brought to Court and presented as evidence.

## CONCLUSION

For the reasons set forth above, the government respectfully asks the Court to grant its motions *in limine*.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Jasmina Vajzovic*
Jasmina Vajzovic
John C. Kocoras
Assistant U.S. Attorneys
219 S. Dearborn St., Room 500
Chicago, Illinois 60604

November 5, 2021