UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

KASHIF DUKES

No. 19 CR 48

Judge John Z. Lee

**GOVERNMENT'S MOTION *IN LIMINE* REGARDING 404(b) EVIDENCE**

The United States of America, by its attorney, JOHN R. LAUSCH, JR., the United States Attorney for the Northern District of Illinois, respectfully moves *in limine* as described below. The government has conferred with the defendant regarding this motion. The defense opposes this motion.

**I.     Motion to Admit Evidence of Shooting Pursuant to Rule 404(b)**

The superseding indictment charges Dukes in Count Two with carjacking a Chevrolet Equinox on July 21, 2018 in Chicago. Count Three charges Dukes with using and brandishing a firearm in connection with that carjacking, and Count Four charges Dukes with unlawfully possessing a particular Sturm Ruger P95 9-millimiter semiautomatic pistol that day as a convicted felon.

The government seeks to present evidence at trial demonstrating that Dukes used the Equinox in a shooting hours after he carjacked it and that Dukes possessed the Ruger pistol during the shooting. As discussed below, the evidence is admissible as direct evidence proving Dukes guilty of the charged crimes and separately admissible under Rule 404(b) to demonstrate Dukes's motive for the carjacking, along with his intent, preparation, plan, knowledge and identity.

### A. Background

Evidence shows that Dukes carjacked the Chevrolet Equinox as charged in Count Two to use it in a shooting that same day. Dukes committed that shooting with the same gun he left behind in the carjacked Equinox when he fled police. The possession of the firearm Dukes left behind is charged in Count Four. This evidence includes Dukes' own posts on social media on July 22, 2018 (the day after the carjacking and shooting) directly linking the carjacking to the shooting and his possession of the gun, as discussed below.

The sequence of key events is outlined below. This is intended as a summary and does not describe all of the evidence demonstrating Dukes' participation in the events listed.

- 7/21/18 (Saturday), approx. 4:40 p.m.: Two men carjack at gunpoint a Chevrolet Equinox containing four females (including an infant). One of the witnesses later identifies Dukes as one of the carjackers. This is charged as Counts Two and Three.

- 7/21/18, approx. 9:35 p.m.: Four men on foot fire handguns at a group of men gathered at a park approx. 3.2 miles from the site of the carjacking. Witnesses see a Chevrolet Equinox parked near the shooting and men enter the Equinox after the shooting stops.

- 7/22/18 (Sunday), approx. 3:09 a.m.: Police attempt to stop the stolen Chevrolet Equinox at 4048 West Adams in Chicago, approx. 1.8 miles from the shooting. The driver crashes the Equinox attempting to evade police, and the Equinox's two occupants flee on foot. Police recover Dukes' phone and the Ruger pistol in the Equinox at the crash site. Cartridge casings recovered at the park shooting site are consistent with the Ruger pistol identified in Count Four according to a preliminary evaluation. Additional evaluation is being pursued.

2

- 7/22/18, approx. 2:15 p.m.: Dukes posts on Facebook:[1] "Last Night Was The Last Time Um Playing GTA Chicago on Gd I Got CJ me and Ysl Lilcarl fucked them country boys up I kno we had at least 4 stars."

  "Um Playing GTA" refers to Dukes "playing" Grand Theft Auto, a popular video game series in which players carjack vehicles, commit other acts of violence, and evade police, earning "stars".[2] Dukes is referring to "playing" Grand Theft Auto in real life (none of the actual GTA video games have "Chicago" in the title, and there is no other sensible explanation for Dukes including in a post that he will never again play GTA). "Gd" is a reference to the Gangster Disciples, and "Ysl" is a reference to Dukes's faction of the Gangster Disciples, Young Savage Life. Immediately after discussing the carjacking in his post, Dukes notes that he and others, "fucked them country boys up," referring to the park shooting and illustrating the clear link between the carjacking and shooting.[3]

- 7/22/18, approx. 2:43 p.m.: Less than 30 minutes after his post about "GTA Chicago" and the shooting, Dukes posts on Facebook: "Lost my phone Left Pipes idc Long Ass i Got Away."

  Dukes confirmed in this post that the phone recovered in the Chevrolet Equinox belonged to Dukes, consistent with the contents of the phone, and that Dukes left a gun ("pipe") in the car. Dukes notes that he does not care ("idc") as long as he got away, and he did in fact get away from police when he fled the Equinox and left his phone and a gun behind.

- 7/23/18 (Monday), approx. 9:54 a.m.: Dukes sends a message on Facebook to the mother of his child after she wrote that she could not depend on him. Dukes responds: "Bitch i was in a fucking accident and

---

[1] The government intends to present evidence at trial showing that Dukes was the user of the Facebook account based on the name of the account ("Kashif Dukes"), photographs posted on the account of Dukes, and based on messages in the account that appeared to be between Dukes and a woman with whom he shared a child.

[2] *See, e.g.,* "GTA V: The Easiest Way to Get Five Stars" ("Grand Theft Auto V and running from cops are two things that are almost synonymous with each other. Furthermore, those moments prove to be the most memorable. So, if you want to have one of those intense high-speed chases, then look no further. This guide will unveil the easiest ways to achieve your 5-star criminal status."). *Available a*t https://www.thegamer.com/gta-v-five-stars-guide-easy/ (last visited Oct. 30, 2021).

[3] The "country boys" clearly are not the carjacking victims, all of whom were female and were physically unharmed.

3

almost got locked up for 2 pipes i lost my phone[.]" The woman replies: "Ok didnt that happen SATURDAY night. It's Monday[.]"

## B. Analysis

Under Federal Rule of Evidence 404(b)(1), "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Rule 404(b)(2) provides that such "other acts" evidence may be admitted for some other purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(2)'s list of grounds for admitting other acts evidence is not exhaustive. *United States v. Lowe*, 2 F.4th 652, 656 (7th Cir. 2021).

In *United States v. Thomas*, 986 F.3d 723, 728 (7th Cir. 2021), the Seventh Circuit described the framework for considering the admissibility of evidence under Rule 404(b):

> First, the proponent of the other acts evidence must show, through a chain of propensity-free inferences, that the evidence is relevant for a reason other than propensity. Second, the court must determine under Federal Rule of Evidence 403 whether the probative value of the evidence is substantially outweighed by the prejudicial effect of the evidence on the defendant, paying close attention to whether the fact the evidence helps establish is disputed. Third, even if evidence was improperly admitted, the court must conduct a harmless error analysis. Of course, before we apply the analysis . . . the proof must actually be evidence of other acts. Direct evidence of a crime is almost always admissible against a defendant and is not other act evidence.

(Internal quotation marks and citations omitted.) Even if other-act evidence demonstrates a defendant's propensity to commit a crime, Rule 404(b) excludes the

4

evidence if its relevance to another purpose is established *only* through the forbidden propensity inference. *Lowe*, 2 F.4th at 656.

In *United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019), the Sixth Circuit considered nearly the same situation as the one in this case. The defendant in *Jackson* was charged with carjacking and using, carrying, or possessing a firearm during a crime of violence. *Id.* at 472. At trial, the district court admitted testimony from a cooperating witness about the defendant's position in a gang, HF Broadway, and "'the purpose of the carjackings.'" *Id.* at 483. The district court found specifically that the testimony "was admissible because it was evidence that the [GMC] Denali carjacking was motivated by a desire to use a stolen car in retaliatory shootings against HF Fleet," a rival gang. *Id.* The Sixth Circuit held on appeal that the evidence was properly admitted "as evidence of motive under Rule 404(b) and was not substantially more prejudicial than probative." *Id.*

The Sixth Circuit came to the same conclusion in another case similar to this one in *United States v. Hughes*, 562 Fed. Appx. 393 (6th Cir. 2014). The defendant in that case was charged with carjacking a Pontiac Sunfire and using and carrying a firearm during that crime. In rejecting a challenge to the admission of evidence of the defendant's participation in robberies, the court explained:

> The other-acts evidence admitted in this case—i.e., Williams' testimony that he and [the defendant] used the Pontiac Sunfire within a three-hour span after the carjacking to commit three robberies; and testimony of the three robbery victims generally corroborating Williams' testimony—was clearly connected with the charged offenses. The robberies were part of the same criminal episode and helped complete the story of the charged offenses. The district court did not abuse its discretion in determining that this other-acts evidence

was intrinsic to the charged offenses and therefore came within the background or *res gestae* evidence exception to Rule 404(b).

*Id.* at 396. *Accord. United States v. Moore*, 729 Fed. Appx. 787, 790 (11th Cir. 2018) (holding that the district court properly admitted evidence that the defendant shot his ex-girlfriend during a carjacking spree to explain why the defendant committed the carjackings and to complete the story of the crime); *United States v. Edmond*, 815 F.3d 1032, 1045 (6th Cir. 2016), *cert. granted and judgment vacated on other grounds*, 137 S.Ct. 1577 (2017) (affirming the admission in a carjacking conspiracy trial of evidence of a defendant's participation in a shooting, explaining that the defendant "fired a weapon that a co-conspirator would use later that day to carjack a vehicle, and the incident occurred the day after one carjacking and the day before another. The shooting was a prelude to, directly probative of, and developed the story of the carjacking conspiracy."). S*ee also Lowe*, 2 F.4th at 656 (the Seventh Circuit explaining that it has held that evidence of a defendant's involvement in a home invasion and shooting can be admissible to prove that the defendant unlawfully possessed a firearm later that night) (citing *United States v. Canady*, 578 F.3d 665 (7th Cir. 2009)).

These opinions are consistent with the Seventh's Circuit's opinion in *Canaday*, 578 F.3d at 671, in which the Seventh Circuit explained: "[I]f the government could show that Canady used the same firearm shortly before the accident, that fact would also support a guilty verdict for Canady's illegal possession charge." In this case, the government should be permitted to show that Dukes used the same firearm (the

Ruger) before his accident in the carjacked Equinox in order to support a guilty verdict on Dukes's illegal firearm possession charge.

Rule 403 does not prohibit introduction of the evidence because its probative value is not outweighed by the danger of unfair prejudice. The evidence's relevance is not based on a propensity inference. It is directly relevant to the offenses Dukes is charged with committing within hours of the shooting, as demonstrated by Dukes' post explicitly linking the carjacking and the shooting and a series of closely related events. In *Hughes*, the Sixth Circuit rejected the defendant's challenge to admission of evidence of uncharged robberies under Federal Rule of Evidence 403, finding that the evidence of the robberies was probative of the defendant's "active participation in the carjacking offense the government was obliged to prove beyond a reasonable doubt." *Id.* at 396. The court explained, "To be sure, the evidence was prejudicial, but not unfairly so." *Id.* The court also held that the district court appropriately instructed the jury that the evidence was to be considered for the limited purpose of showing the defendant's role in the carjacking and not for any other purpose. *Id.* at 396-97.

Further, the evidence of the shooting is admissible for reasons specifically countenanced by Rule 404(b)(2), namely, to prove Dukes' motive, intent, preparation, plan, knowledge and identity. Moreover, the government would not present evidence that anyone in the park was injured or died in the shooting. And, the government would agree to an appropriate instruction to the jury limiting their consideration of the evidence, if so requested by the defense.

For these reasons, the government requests that it be permitted to present evidence of the park shooting in the hours after the carjacking and hours before Dukes eludes arrest, as described in his Facebook posts.

## **CONCLUSION**

For the reasons set forth above, the government respectfully asks the Court to grant its motion *in limine*.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    /s/ *Jasmina Vajzovic*
      Jasmina Vajzovic
      John C. Kocoras
      Assistant U.S. Attorneys
      219 S. Dearborn St., Room 500
      Chicago, Illinois 60604

November 5, 2021